IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID ANDREW SCHMIDT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-0078 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION TO DISMISS
PURSUANT TO 28 U.S.C. § 2244(d), and
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner DAVID ANDREW SCHMIDT. By his habeas application, petitioner challenges his March 23, 2011 conviction out of the 251st Judicial District Court of Randall County, Texas, for the offense of theft of property greater than $1,500 but less than $20,000, enhanced, and the 10-year sentence assessed for that conviction. *State v. Schmidt*, No. 21,870-C.

I.
PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

    1.    The trial court committed error in admitting evidence;

    2.    The trial court committed error in denying petitioner's motion for a continuance;

3. Petitioner was denied effective assistance of counsel;

4. Trial court error;

5. Prosecutorial misconduct or trial court error;

6. Denial of a fair trial because petitioner was required to wear leg braces at trial;

7. Bench conferences were not included in the record; and

8. Petitioner was denied discovery.

## II.
## TIME BAR

On May 6, 2015, respondent filed a motion to dismiss petitioner's federal habeas application asserting the application should be dismissed as time barred. In his motion, respondent accurately briefed statutory and case law regarding the statute of limitations in federal habeas corpus cases, as well as the application of equitable tolling of the limitation period in federal habeas corpus proceedings. Respondent also fully and accurately set forth relevant dates in this case, and analyzed the timeliness of petitioner's habeas application and contends the petition is time-barred. Petitioner has not submitted any reply to respondent's motion to dismiss.

The undersigned makes the following findings:

1. Petitioner's conviction became final on March 12, 2013, when his time to file a petition for a writ of certiorari with the United States Supreme Court expired.

2. Petitioner's federal habeas corpus petition was due on or before March 12, 2014, unless the one-year limitation period was statutorily or equitably tolled.

3. Petitioner's state habeas application, filed December 7, 2013 and denied without written order on January 22, 2014, statutorily tolled the limitation period for 46 days, rendering petitioner's federal habeas corpus petition due on or before April 27, 2014.

4. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

5. The record does not reflect any unconstitutional "State action" impeded petitioner

          from filing for federal habeas corpus relief prior to the end of the limitation period.

6. Petitioner's claims are not of such a nature that petitioner was unable to exercise due diligence and discover the claims at an earlier date.

7. Petitioner's federal habeas corpus application, filed November 5, 2014 when it was placed in the prison mailing system, was filed after the April 27, 2014 expiration of the statute of limitations and is time barred.

8. Although petitioner's conviction "became final over one year" before the filing of this petition on November 5, 2015, petitioner did not attempt to "explain why the one-year state of limitations contained in 28 U.S.C. § 2244(d) does not bar [his] petition" as instructed by Question 26 on page 9 of the form habeas corpus petition.

Therefore, for the reasons set forth by respondent, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus is time barred and that respondent's motion to dismiss should be GRANTED.

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that motion to dismiss filed by respondent should be GRANTED, and the petition for a writ of habeas corpus filed by petitioner DAVID ANDREW SCHMIDT should be DISMISSED.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___1st___ day of June 2015.

                                                _____
                                                CLINTON E. AVERITTE
                                                UNITED STATES MAGISTRATE JUDGE

## *  NOTICE OF RIGHT TO OBJECT  *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).